## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

DEBRA MILLER, JANE MORLEY,       :
AISHA RICHARDSON,
SCOTT HANSTEIN and EMMA SMITH,    :
individuals,                                 CIVIL ACTION

                                      :
      Plaintiffs,                         No.:
v.                                         :

MIDLAND FUNDING LLC,            :
a foreign limited liability company,
and MIDLAND CREDIT MANAGEMENT, INC., :
a foreign for-profit corporation,

                                      :     **JURY TRIAL DEMANDED**
      Defendants.
                                      :

## VERIFIED COMPLAINT

**COME NOW**, Plaintiffs, DEBRA MILLER, JANE MORLEY, AISHA RICHARDSON, SCOTT HANSTEIN, and EMMA SMITH (hereinafter, "Plaintiffs"), by and through the undersigned counsel, and hereby sue Defendants, MIDLAND FUNDING LLC (hereinafter, "MF") and MIDLAND CREDIT MANAGEMENT, INC. (hereinafter, "MCM") (hereinafter collectively, "Defendants"). In support thereof, Plaintiffs state:

### INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by individual consumers for Defendants' violations of the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA") and the Fair Debt Collections Practices Act, 15 United States Code, Section 1692a *et seq* (hereinafter, the "FDCPA").

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 United States Code, Section 1692k(d), 47 United States Code, Section 227(b)(3), and 28 United States Code, Section 1337.

2.      Venue in this District is proper because Defendants transact business in this District and the conduct complained of occurred in this District.

3.      At all material times herein, Plaintiffs Jane Morley and Debra Miller are each individuals residing in Bucks County, Pennsylvania.

4.      At all material times herein, Plaintiffs Aisha Richardson, Scott Hanstein, and Emma Smith are each individuals residing in Montgomery County, Pennsylvania.

5.      At all material times herein, MF is a foreign limited liability company existing under the laws of the state of Delaware and engaged in business in Pennsylvania, with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108, that, itself and through its subsidiaries, regularly purchases and collects defaulted consumer debts from residents in the Eastern District of Pennsylvania.

6.      At all material times herein, MCM is a foreign for-profit corporation existing under the laws of the state of Kansas and engaged in business in Pennsylvania, with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108, that, itself and through its subsidiaries, regularly collects defaulted consumer debts owed or asserted to be owed to MF from residents in the Eastern District of Pennsylvania.

## GENERAL ALLEGATIONS

7.      At all material times herein, Defendants are each a "debt collector" as defined by 15 United States Code, Section 1692a(6). *See McDermott v. Nationstar Mortgage, LLC,* 143 F.Supp.3d 290, 298 (E.D. Pa. 2015) (holding that debt buyers are debt collectors under the FDCPA if they acquire the debt when it was in default).

8.      At all material times herein, Plaintiffs are each a "debtor" or "consumer" as defined by 15 United States Code, Section 1692a(3).

9.      At all material times herein, Defendants attempt to collect debts from each Plaintiff, specifically consumer debts MF allegedly purchased from Plaintiffs' original creditors after each debt entered default (hereinafter collectively, the "Debts").

10.      At all material times herein, MCM used interstate mail while engaging in a business the principal purpose of which is collection of debts allegedly due another.  MCM is also an entity that regularly collects, or attempts to directly or indirectly collect debts owed or due, or asserted to be owed or due, to another.

11.      At all material times herein, each of the Debts is a consumer debt, incurred primarily for personal, household, or family use.

12.      At all material times herein, Defendants' conduct, with respect to the Debts complained of below, qualifies as "communication" as defined by 15 United States Code, Section 1692a(2).

13.      At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

14.      Upon information and belief, MF purchased the Debts after the Debts entered default.

15.      Upon information and belief, MF assigned the Debts to MCM for collection.

16.      At all material times herein, MCM acted on MF's behalf, and with MF's knowledge, consent, and approval when it made telephone calls to Plaintiffs in its attempts to collect each Plaintiffs' respective Debt.

17.      All necessary conditions precedent to the filing of this action occurred or Defendants waived.

3

## FACTUAL ALLEGATIONS

18.     MCM made telephone calls, as more specifically alleged below, to Debra Miller's cellular telephone number 215.XXX.3424, Jane Morley's cellular telephone number 267.XXX.1793, Aisha Richardson's cellular telephone number 267.XXX.0174, Scott Hanstein's cellular telephone number 267.XXX.6857, and Emma Smith's cellular telephone numbers 484.XXX.2132, 484.XXX.2150, 484.XXX.5991 and 215.XXX.9088 (hereinafter collectively, "Plaintiffs' Cellular Telephones") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

19.     At all material times herein, Debra Miller is the owner, regular user, and possessor of a Cellular Telephone with assigned number 215.XXX.3424 (hereinafter, "Plaintiff Miller's Cellular Telephone").

20.     At all material times herein, Jane Morley is the owner, regular user, and possessor of a Cellular Telephone with assigned number 267.XXX.1793 (hereinafter, "Plaintiff Morley's Cellular Telephone").

21.     At all material times herein, Aisha Richardson is the owner, regular user, and possessor of a Cellular Telephone with assigned number 267.XXX.0174 (hereinafter, "Plaintiff Richardson's Cellular Telephone").

22.     At all material times herein, Scott Hanstein is the owner, regular user, and possessor of a Cellular Telephone with assigned number 267.XXX.6857 (hereinafter, "Plaintiff Hanstein's Cellular Telephone").

23.     At all material times herein, Emma Smith is the owner, regular user, and possessor of a Cellular Telephone with assigned numbers 484.XXX.2132, 484.XXX.2150, 484.XXX.5991 and 215.XXX.9088 (hereinafter collectively, "Plaintiff Smith's Cellular Telephones").

24.     At no time herein did Defendants possess prior express consent to call any of the Plaintiffs' Cellular Telephone using an ATDS, a PTDS, or an APV.

25.     Additionally, if Defendants contend they made the below-referenced phone calls for "informational purposes only," they nevertheless lacked the required prior express written consent necessary to make such informational calls to any of Plaintiffs' Cellular Telephones using an ATDS, a PTDS, or an APV.

26.     MCM made each call to Plaintiffs' Cellular Telephones on MF's behalf—and with MF's knowledge, consent and approval—constitutes an attempt by MCM to collect the Debts.

27.     Despite lacking prior express consent, from 2014 through approximately May 2016, Defendants made between two (2) and six (6) calls every day to Plaintiff Miller's Cellular Telephone using an ATDS, a PTDS, or an APV.

28.     Debra Miller repeatedly answered Defendants' immediately-aforementioned telephone calls, repeatedly orally revoked any prior express consent Defendants possessed to call Plaintiff Miller's Cellular Telephone using an ATDS, a PTDS, or an APV, and repeatedly demanded Defendants cease calling Plaintiff Boyd's Cellular Telephone.

29.     Despite Debra Miller revoking any prior express consent for Defendants to call Plaintiff Miller's Cellular Telephone using an ATDS, a PTDS, or an APV, Defendants continued to call Plaintiff Miller's Cellular Telephone using an ATDS, a PTDS, or an APV.

30.     Additionally, MCM called Debra Miller's ex-husband in an attempt to collect the Debts, informed him of Debra Miller's Debts, and requested he provide MCM with Plaintiff Miller's Cellular Telephone number.

31.     When MCM made the immediately-aforementioned call, MCM already possessed Plaintiff Miller's Cellular Telephone number as demonstrated by MCM's daily calls to Plaintiff Miller's Cellular Telephone.

32.     Despite lacking prior express consent, from approximately January 2015 through the filing of this Complaint, Defendants made approximately two (2) calls every day to Plaintiff Morley's Cellular Telephone using an ATDS, a PTDS, or an APV.

33.     Jane Morley repeatedly answered Defendants' immediately-aforementioned telephone calls, repeatedly orally revoked any prior express consent Defendants possessed to call Plaintiff Morley's Cellular Telephone using an ATDS, a PTDS, or an APV, specifically advised Defendants not to call her during business hours as Defendants' calls disrupted her ability to perform job responsibilities, and repeatedly demanded Defendants cease calling Plaintiff Morley's Cellular Telephone.

34.     Despite Jane Morley revoking any prior express consent for Defendants to make calls to Plaintiff Morley's Cellular Telephone, Defendants continued to call Plaintiff Morley's Cellular Telephone on a daily basis.

35.     Furthermore, Defendants continued to call Plaintiff Morley's Cellular Telephone at times Jane Morley specifically identified to Defendants as her normal hours of employment and Defendants calls continued to disrupt her ability to focus on her job responsibilities.

36.     Despite lacking prior express consent for Defendants to make calls to Plaintiff Richardson's Cellular Telephone, from 2011 through 2016, Defendants made approximately three (3) calls every day to Plaintiff Richardson's Cellular Telephone using an ATDS, a PTDS, or an APV.

37.     Aisha Richardson repeatedly answered Defendants' immediately-aforementioned telephone calls, orally revoked any prior express consent Defendants possessed to call Plaintiff Richardson's Cellular Telephone using an ATDS, a PTDS, or an APV, and demanded Defendants cease calling Plaintiff Richardson's Cellular Telephone.

38.     During several of Defendants' above-referenced telephone calls, despite Aisha

Richardson's attempts to assert her consumer rights under the FDCPA and the TCPA, Defendants' employees treated Aisha Richardson rudely, refused to comply with her demands that Defendants to cease calling Plaintiff Richardson's Cellular Telephone, and falsely advised her that Defendants could continue to call until she paid Defendants.

39.     Additionally, on several of Defendants' above-referenced phone calls to Plaintiff Richardson's Cellular Telephone, Defendants' employees repeatedly refused to disclose the original creditors of the Debts upon request and instead asserted that Aisha Richardson owed money to Defendants.

40.     Defendants made autodialed phone calls to Plaintiff Hanstein's Cellular Telephone within the four years prior to the filing of this Complaint.

41.     Despite lacking prior express consent, from approximately February 2014 through approximately March 2016, Defendants made approximately three (3) calls every day to Plaintiff Hanstein's Cellular Telephone using an ATDS, a PTDS, or an APV.

42.     Scott Hanstein repeatedly answered Defendants' above-referenced telephone calls, orally revoked any prior express consent Defendants possessed to call Plaintiff Hanstein's Cellular Telephone using an ATDS, a PTDS, or an APV, and demanded Defendants cease calling Plaintiff Hanstein's Cellular Telephone.

43.     Additionally, Defendants repeatedly called Scott Hanstein's mother in an attempt to embarrass Scott Hanstein into paying the Debts asserted by Defendants despite both Scott Hanstein and his mother repeatedly demanding Defendants cease calling her.

44.     Moreover, each time Defendants called Scott Hanstein's mother in an attempt to collect the Debts from Scott Hanstein, Defendants did so despite possessing Plaintiff Hanstein's Cellular Telephone number.

45.     Despite lacking prior express consent, from approximately August 2010 through

March 2016, Defendants made approximately three (3) calls every day to Plaintiff Smith's Cellular Telephones using an ATDS, a PTDS, or an APV.

46.     Emma Smith repeatedly answered Defendants' immediately-aforementioned telephone calls, orally revoked any prior express consent Defendants possessed to call Plaintiff Smith's Cellular Telephones using an ATDS, a PTDS, or an APV, repeatedly advised Defendants of her disability and that Defendants harassing calls negatively affected her health, and demanded Defendants cease calling Plaintiff Smith's Cellular Telephones.

47.     Further, Emma Smith changed the assigned number for Plaintiff Smith's Cellular Telephones three (3) times while Defendants collection calls were ongoing, and each time Defendants subsequently called Emma Smith at the newly assigned number without obtaining her prior express consent.

48.     Despite Emma Smith repeatedly revoking any prior express consent for Defendants to call Plaintiff Smith's Cellular Telephones, Defendants continued to make calls.

49.     Additionally, Defendants repeatedly called members of Emma Smith's family in an attempt to collect the Debts asserted by Defendants, including Emma Smith's mother, brother, and stepson.

50.     Specifically, Defendants called Emma Smith's mother at her home telephone with assigned number 610.XXX.8199 over one hundred fifty (150) times despite Emma Smith and her mother both repeatedly demanding Defendants cease calling Emma Smith's mother since the volume and harassing nature of the calls negatively affected her existing health issues.

51.     Similarly, despite repeated demands by both Emma Smith and her stepson for Defendants to cease calling, Defendants repeatedly called Emma Smith's stepson in an attempt to collect the Debts and repeatedly disclosed information regarding Emma Smith's reputation to her stepson,

52.     As of September 1, 2016, the Plaintiffs each retained Leavengood, Dauval, Boyle & Meyer, P.A. and the Law Office of Joseph M. Adams (hereinafter collectively "Undersigned Counsel") for representation with respect to their FDCPA and TCPA claims against Defendants.

53.     Plaintiffs retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

54.     Plaintiffs have not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of autodialed telephone calls, to record the specifics (as done above) on each and every call made to Plaintiffs. Plaintiffs assert, however, that the above-referenced calls are but a sub-set of the total calls they are aware of and that each caused emotional distress, anxiety, and inability to use their respective Cellular Telephones when Defendants made such calls, all in violation of the TCPA. Moreover, Defendants are in the best position to determine and ascertain the number and methodology of calls made to Plaintiffs.

55.     As a direct result of Defendants' actions, Plaintiffs each suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that their attempts to assert their consumer rights under the FDCPA and the TCPA were wholly ineffective and that the frequent, repeated autodialed telephone calls would simply have to be endured.

56.     United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees and costs to Plaintiffs should Plaintiffs prevail in this matter against Defendants.

57.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made to Plaintiffs' Cellular Telephones using any ATDS, PTDS, or APV in violation of the TCPA or the regulations

proscribed thereunder.

58.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made to Plaintiffs' Cellular Telephones using any ATDS, PTDS, or APV to Plaintiffs' Cellular Telephones in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

## COUNT ONE:
## TELEPHONE CONSUMER PROTECTION ACT-
## <u>VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)</u>

Plaintiffs re-allege paragraphs one (1) through fifty-eight (58) as if fully restated herein and further state as follows:

59.     Defendants are both subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, a PTDS, or a APV to make calls to a telephone number assigned to a cellular telephone service without Plaintiffs' prior express consent.

60.     At no time herein did Defendants possess consent to call any Plaintiffs' Cellular Telephones using an ATDS, a PTDS, or an APV.

61.     Despite lacking Plaintiffs' prior express consent, MCM made calls to Plaintiffs' Cellular Telephones on MF's behalf—and with MF's consent, knowledge, and approval—using an ATDS, a PTDS, or a APV *at least* two (2) to six (6) times each day.

62.     Furthermore, Defendants continued to make calls to Plaintiffs' Cellular Telephones despite each of the Plaintiffs repeatedly revoking any purported prior express consent for Defendants to make calls to Plaintiffs' Cellular Telephones and despite Plaintiffs repeatedly demanding Defendants cease calling.

63.     The phone calls MCM made to Plaintiffs' Cellular Telephones on MF's behalf —and with MF's consent, knowledge, and approval—are the result of a repeated willful and knowing violation of the TCPA.

64.     As a direct and proximate result of Defendants' conduct, Plaintiffs each suffered:

      a.     The periodic loss of his or her cellular telephone service;

      b.     Lost material costs associated with the use of peak time cellular telephone minutes allotted under his or her cellular telephone service contract; and

      d.     Emotional distress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## COUNT TWO:
## FAIR DEBT COLLECTION PRACTICES ACT –
## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1692d</u>

Plaintiffs re-allege paragraphs one (1) through fifty-eight (58) as if fully restated herein and further state as follows:

65.     Defendants are both subject to, and violated the provisions of 15 United States Code, Section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of the Debts.

66.     Specifically, Defendants continued to call Plaintiffs on a daily basis in their attempts to collect the Debts despite each Plaintiff *repeatedly* answering Defendants' calls, revoking any purported consent for Defendants to call Plaintiffs and demanding Defendants cease calling.

67.     Defendants ignored Plaintiffs' attempts to assert their rights under the FDCPA and the TCPA in effort to harass and abuse Plaintiffs into paying the Debts.

68.     Additionally, despite possessing accurate contact information for each of the Plaintiffs, Defendants repeatedly contacted Plaintiffs' family members and disclosed information about Plaintiffs' indebtedness in effort to embarrass and humiliate Plaintiffs into paying the Debts.

69.     As a direct and proximate result of Defendants' actions, Plaintiffs each sustained

11

damages as defined by 15 United States Code, Section 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct, Plaintiffs respectfully request entry of:

a.      Judgment for each of the Plaintiffs against Defendants awarding maximum statutory damages for violations of the FDCPA;

b.      Judgment against Defendants declaring that Defendants violated the TCPA;

c.      Judgment enjoining Defendants from making autodialed calls to Plaintiffs' Cellular Telephones;

d.      Judgment for each of the Plaintiffs against Defendants awarding statutory damages in the amount of $500.00 for each telephone call made to Plaintiffs' Cellular Telephones in violation of the TCPA;

e.      Judgment for each of the Plaintiffs against Defendants awardubg treble damages in the amount of an additional $1,000.00 for each telephone call made to the Plaintiffs' Cellular Telephones in violation of the TCPA where Defendants acted knowingly and/or willfully;

f.      Actual damages in an amount to be determined at trial;

g.      An award of attorneys' fees and costs; and

h.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendants and demand that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as

required by law.

Respectfully Submitted,

Joseph M. Adams, Esq.
Law Office of Joseph M. Adams
200 Highpoint Drive, Suite 211A
Chalfont, PA 18914
Phone: (215) 996-9977
Fax: (215) 996-9111
josephmadamsesq@verizon.net

**and**
**Ian R. Leavengood, Esq., FBN 0010167**
**Aaron M. Swift, Esq., FBN 093088**
**Gregory H. Lercher, Esq., FBN 0106991**
**Sara J. Weiss, Esq., FBN 0115637**
LeavenLaw, P.A.
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*pro hac vice application forthcoming*
*Attorneys for Plaintiffs*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Debra Miller, hereby says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

8. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on ___1/10/17___.

Debra Miller

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Jane Morley, hereby says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

8. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on __1 – 10 – 17__ .

_____
Jane Morley

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Aisha Richardson, hereby says as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

8.  I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on ___1\12\17_____.


_____Aisha Richardson_____
Aisha Richardson

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

Plaintiff, Scott Hanstein, hereby says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.
8. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on ___1-10-2017___.

Scott Hanstein

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Emma Smith, hereby says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.
8. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on ___1/11/2017___ .

Emma Smith